## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA D. BRODSKY, | ) 3:14-cv-00641-RCJ-WGC |
| Plaintiff, | ) **MINUTES OF PROCEEDINGS** |
| vs. | ) June 27, 2015 |
| WARDEN BACA, *et al.*, | ) |
| Defendants. | ) |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden      REPORTER:          FTR

COUNSEL FOR PLAINTIFFS:  Joshua D. Brodsky, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:  Andrea Barraclough

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:48 p.m.  Court convenes.

The court in Doc. # 68 granted Plaintiff's request for a hearing (Doc. # 56) and scheduled today's hearing to address Plaintiff's "Emergency Motion for Injunction"(Doc. # 57; herein, motion for injunction) and motion for sanctions (Doc. # 58).

The court first addresses Plaintiff's motion for sanctions against DAG Barraclough, which alleges DAG Barraclough filed "false information" with the court in Doc. # 44.  The court inquires the basis for Plaintiff's motion.

Mr. Brodsky states he filed the motion for sanctions because DAG Barraclough filed a notice of appearance on behalf of defendants D. Aja, Michael Cruise and Paul Samsel (Doc. # 25[1]). However, after the Early Mediation Conference (Doc. # 31) was held, DAG Barraclough filed a notice of acceptance of service (Doc. # 65) that stated service is being accepted only as to defendant D. Aja and Paul Samsel, and that service would not be accepted on behalf of defendant Michael Cruise.  Mr. Brodsky states that because of this, it is unclear if Cruise has ever been served and whether or not he has representation.  Furthermore, Mr. Brodsky indicates it would then appear

---

[1] Document # 25 is Defendants' Notice of Limited Appearance for the Purposes of Settlement Discussions.

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
July 27, 2015

that defendant Cruise was not represented at the mediation conference when he should have been because he is a formal employee of the Nevada Department of Corrections ("NDOC") and is a named Defendant in this case.

The court addresses Plaintiff's concerns and explains procedurally the current status of the case. Plaintiff is advised that in every lawsuit that is subject to a complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner, the case is referred to an early mediation session. This is even before an *in forma pauperis* (IFP) application is decided. Therefore, a case is stayed to enable the parties to discuss settlement. In order for a settlement conference to take place, the court requests the Attorney General's Office to file a notice of *limited* appearance *only* for purposes of settlement discussions. It is only after a settlement conference is unsuccessful that the court would then enter an order instructing the AG's Office to file a "notice of acceptance of service." Typically this instruction is provided in the order deciding the IFP application as this court did in the IFP Order (Doc. # 46).

The court states DAG Barraclough has fully complied with the court's IFP order and has filed a notice of acceptance of service (Doc. # 65). The notice indicated service was only being accepted on behalf of defendants D. Aja and Paul Samsel, who are current employees at NDOC. However, the notice further stated that service was not accepted on behalf of defendant Michael Cruise, who is a former employee of the NDOC and has not requested the AG's Office to represent him in this matter. Therefore, DAG Baraclough submitted under seal the last known address of former NDOC employee Michael Cruise (noticed at Doc. # 67).

The court informs Plaintiff that defendant Cruise has not been officially served because Plaintiff himself has not taken the appropriate steps to complete service. Plaintiff is reminded that the IFP order states at Doc. # 46, pg. 2 ¶ 6: "if service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s)." As for this specific case, the address of defendant Cruise was filed under seal and the court will maintain the address under seal. But Plaintiff is instructed that he must file a motion with the court to seek service on a defendant for whom the Attorney General has not accepted service.

Mr. Brodsky states that in light of the court's explanation of the procedures and the current status of the case, he will be submitting a request to the court for service to be completed on defendant Michael Cruise. Additionally, Plaintiff indicates he wishes to withdraw his motion for sanctions (Doc. # 58) because of the court's clarification regarding the status of the case.

IS THEREFORE ORDERED Plaintiff's motion for sanctions (Doc. # 58) is **WITHDRAWN**.

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
July 27, 2015

      Before addressing Plaintiff's motion for injunction (Doc. # 57),   Plaintiff is advised that if he wishes to amend his complaint, he must comply with LR 15-1.  LR 15-1 states that any request to amend the complaint must be accompanied by the proposed complaint complete in and of itself. Plaintiff states he understands the court's instructions.

      The court next addresses Plaintiff's motion for injunction (Doc. # 57).  Plaintiff requests the court to first hear his testimony with regard to an incident that took place on July 7, 2015.  The court allows Plaintiff to proceed.

      Plaintiff summarizes an alleged assault that took place between Plaintiff Brodsky himself and another inmate at Northern Nevada Correction Center on July 7, 2015.  Mr. Brodsky explains that the violent attack he encountered ultimately required emergency surgery and multiple days being hospitalized.  Mr. Brodsky asserts that it is this conduct, and allegedly other incidents, that he claims places him in danger while he serves the remaining months of his sentence at NDOC.  Mr. Brodsky requests the court's intervention in one form or another.  Mr. Brodsky orally suggests three alternatives to the court: (1) he be transferred to another prison (i.e. Illinois Department of Corrections); (2) remove him from NNCC by federal order; or (3) order NDOC to follow federal guidelines to ensure his safety.[2]  Mr. Brodsky reiterates his concerns with regard to being housed at NNCC and requests the court to intervene and enter injunctive relief.

      The court next hears argument from DAG Barraclough with regard to Defendants' opposition to Plaintiff's motion for sanctions.  First, however, with no objection being expressed by Plaintiff, Defendants' motion to seal confidential documents (Doc. # 70) is **GRANTED**.  Mr. Brodsky may review the records in the warden's office at NNCC.

      DAG Barraclough first makes argument that Mr. Brodsky's motion only makes reference to alleged violence or threats perpetuated upon him by staff and not inmates.  DAG Barraclough further presents argument regarding the constraints the law has on the United States District Court relative to injunctive relief.   Finally, DAG Barraclough argues that the United States District Court does not have the authority to grant any of the four suggestions Plaintiff's proposes listed in his motion for injunctive relief (Doc. # 57, pg 2).

      Plaintiff's first suggestion is a request that the United States Marshal remove him immediately from NNCC.  DAG Barraclough indicates the United States Marshal does not have such power to "remove" an inmate from an institution in which he or she is housed.  Second, Plaintiff suggests he be transferred to Illinois Department of Corrections where he states he had been housed

---

[2] As the Deputy Attorney General noted later, Plaintiff's motion actually contained four requests for the court to implement the injunctive relief he seeks.   Doc. #57

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
July 27, 2015

twice before as an inmate. DAG Barraclough states that in order for an inmate to be transferred under the Interstate Compact Agreement, there are several steps to even initiate the consideration of transferring an inmate to another institution out of state. Third, Plaintiff requests that the Governor release or pardon his sentence. Again, DAG Barraclough submits the court does not have such authority to order the Governor to take such action. Finally, Plaintiff seeks injunctive relief by requesting the court to grant him parole. DAG Barraclough reiterates this request is also not within the court's authority, or for that matter, the court's jurisdiction to enter such an order.

Separate from the matter of the injunctive relief Plaintiff seeks, DAG Barraclough offers a suggestion that Plaintiff consider being placed in protective custody by NDOC. Plaintiff explains he is currently in administrative segregation while the institution conducts an investigation relative to the fellow inmate incident that occurred on July 7, 2015. Nevertheless, Plaintiff expresses concerns with regard to protective custody. The court directs DAG Barraclough to contact Mr. Brodsky as soon as she is able to discuss protective custody or other alternative custody options available at NDOC to address concerns expressed by the Plaintiff.

After hearing the parties' respective positions regarding Plaintiff's request for injunctive relief, the court explains it does not have the authority to grant any of the relief Plaintiff is seeking in his motion for injunctive relief. The court reiterates Plaintiff's motion does not refer to or identify any of the three named Defendants from the complaint, nor does it allege any act or omission of the named Defendants, therefore, making it inappropriate for the court to intervene for the alleged conduct asserted in Plaintiff's motion. Finally, Plaintiff has not demonstrated any injury in his motion or argument that was sustained from the actions of any named Defendants in this action.

The court advises the parties it will hereafter enter a Report and Recommendation to District Judge Robert C. Jones recommending denial of Plaintiff's motion for injunctive relief (Doc. # 57).

Mr. Brodsky objects to the court's decision and states he will be filing an appeal.

The court advises Plaintiff his objections are noted and that he will have the opportunity to file specific written objections to the anticipated Report and Recommendation within fourteen (14) days after he receives the report and recommendation.

There being no further matters to address at this time, court adjourns at 2:33 p.m.

LANCE S. WILSON, CLERK
By:          /s/          
Katie Lynn Ogden, Deputy Clerk