UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA D. BRODSKY, ) | 3:14-cv-00641-RCJ-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs. ) | September 2, 2015 |
| ) | |
| WARDEN BACA, *et al.,* ) | |
| ) | |
| Defendants. ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>   REPORTER:  <u>             FTR              </u>

COUNSEL FOR PLAINTIFF:  <u>  Joshua Brodsky, In Pro Per (Telephonically)  </u>

COUNSEL FOR DEFENDANTS:  <u>  Andrea Barraclough  </u>

**MINUTES OF PROCEEDINGS: Status Conference**

1:37 p.m.  Court convenes.

    The court convenes to address a number of motions and notices.

    The court first reviews the claims that have been allowed to proceed in this case by District Judge Robert C. Jones.  The court quotes from the Screening Order (ECF No. 8) "The Court finds that Plaintiff states a colorable claim of excessive force.  Based on the allegations, Plaintiff was in a wheelchair when Samsel and Cruise assaulted Plaintiff.  Additionally, Ahja aided Cruise in the assault by blocking the camera.  The assaults appear to have been conducted maliciously and sadistically for the purpose of causing harm.  This claim shall proceed against Defendant Samsel, Cruise, and Ahja."

    Therefore, Plaintiff is reminded that this case moving forward is limited to the parameters set forth by Judge Jones.  The court states it is making note as to the scope of this case because it will have a bearing on all of the motions the court will address today.  Plaintiff is further advised that the United States District Court is not a "super grievance coordinator" and that he is required to exhaust all of his administrative remedies first before bringing an action to this court.

    The court next addresses several motions and notices.

1

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
September 2, 2015

**I.      Motions**

**A.     "Notice for NDOC to Turn Over Dr. Long Consultation on 16 June 2015, or Have a Sworn Deposition From Dr. Johns" (ECF No. 81)**

The court and parties discuss Plaintiff's contention that a report generated by Dr. Long relates to the complaint filed in this action.

DAG Barraclough indicates she is unaware of any report generated by Dr. Long; however, she will investigate further into whether or not there is a consultation report by Dr. Long.

The court instructs DAG Barraclough file a notice with the court to advise whether such a consultation report exists. If such a report does exist, DAG Barraclough is directed to indicate the date the consultation report was completed and make note of where the report is being maintained. Furthermore, DAG Barraclough is instructed to bates stamp any documents accordingly.

The court directs Plaintiff that, should Dr. Long's consultation report exist and it is relevant to the claims proceeding in this action, the report should be included in his anticipated response to the Defendants' Motion for Summary Judgment (ECF No. 117).

Therefore, Plaintiff's "Notice for NDOC to Turn Over Dr. Long Consultation on 16 June 2015, or Have a Sworn Deposition From Dr. Johns" (ECF No. 81) is **GRANTED in part** and **DENIED in part** consistent with the court's directive.

**B.     "Non Compliance Order & Or Contempt Order" (ECF No. 84)**

Plaintiff indicates DAG Barraclough has not consulted with the Plaintiff relative to his concerns about his safety at Northern Nevada Correctional Center ("NNCC"), which was instructed by the court during the last hearing held on July 27, 2015 (ECF No. 75).

The court explains it had never provide DAG Barraclough a specific date in which to comply with its order; however, the court notes the minutes of proceedings reflect that she was to do so as soon as she was able.

DAG Barraclough admits this was an oversight on her part and that she will immediately coordinate a conference with Mr. Brodsky to not only discuss the security concerns Plaintiff expresses but to also address matters relative to this case.

///

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
September 2, 2015

    It is therefore order that Plaintiff's "Non Compliance Order & Or Contempt Order (ECF No. 84) is **GRANTED**. DAG Barraclough shall coordinate and schedule a conference with Plaintiff either by telephone or in person.

### C.     "Motion for Fees or a Court Order to Interview 3 NDOC Personal [sic] & 1 NDOC Inmate" (ECF No. 88)

    The court and parties discuss which Nevada Department of Corrections ("NDOC") personnel and inmate Plaintiff wants to interview.

    After hearing from the Plaintiff, the court explains Mr. Brodsky request is outside the parameters of this case for which it is allowed to proceed. Again, the court does not have the authority to direct NDOC personnel, who are not named Defendants in this case, to appear for any interview. The court suggests that if discovery is permitted to proceed in this case, Plaintiff may use the opportunity to depose of the individuals he believes is necessary. However, Plaintiff is cautioned that in order to depose of individuals it will be his responsibility to coordinate and it will be at his expense.

    Therefore, Plaintiff's "Motion for Fees or a Court Order to Interview 3 NDOC Personal & NDOC Inmate" (ECF No. 88) is **DENIED**.

### D.     "Motion to Show Cause Harm" (ECF No. 89)

    Plaintiff contends that NDOC correctional officer Arringder is not only making direct threats to him, but that he is making threatening comments about Plaintiff to the Defendants. Plaintiff indicates these threatening comments are relative to this law suit and is therefore seeking injunctive relief.

    The court reminds Plaintiff that the topic of injunctive relief has been addressed in the case, specifically in the court's Report and Recommendation (ECF No. 76). The court reiterates that a request for injunctive relief must relate to the subject matter of the action. The court advises Plaintiff it is not able to make the connection Plaintiff is offering regarding the alleged threats being made by correctional officer Arringder and how they relate to the claims moving forward in this case. The court suggests Plaintiff take the appropriate course of action to grieve this particular issue regarding correctional officer Arringder. Thereafter, and if appropriate, Plaintiff has the option to file a new action with this court.

    Therefore, Plaintiff's "Motion to Show Cause Harm" (ECF No. 89) is **DENIED**. The court, however, instructs DAG Barraclough to include this discussion regarding correctional officer

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
September 2, 2015

Arringder and the threats being made as a topic to address when she meets with Mr. Brodsky.

      E.      **"Permissive Intervention Pursuant to the Rules" (ECF No. 92)**

Plaintiff states he continues to receive threats from defendant Samsel. Additionally, Plaintiff indicates that the damage he has suffered from the incident that occurred on July 6, 2015, with another inmate is direct result the Defendants instigating harm to be had on him.

The court again directs Plaintiff's attention to the Report and Recommendation (ECF. No. 76), which provides the standards the court must rely on when granting or denying emergency injunctive relief. The court reiterates that the court must determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Furthermore, the Prison Litigation Reform Act (PLRA) states preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief and take into account any adverse impact on public safety or operations of the institution (ECF No. 76, pg. 4).

Additionally, the Plaintiff is cautioned that the subject matter of any request for injunctive relief must pertain to or be associated with the subject matter of the complaint and that the 7/16/2015 assault upon Plaintiff by another inmate is outside of the scope of this litigation.

Therefore, Plaintiff's "Permissive Intervention Pursuant to the Rules" (ECF No. 92) is **DENIED without prejudice**. The court states it does not have general jurisdiction to intervene with the operations of NDOC, and more specifically the courts needs facts from the Plaintiff that demonstrates injunctive relief is warranted.

      F.      **"Failure to Make Disclosure Pursuant to the Federal Rules" (ECF No. 94)**

The court advises Plaintiff that pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv), Rule 26 disclosures are exempt in inmate prisoner litigation. To clarify, Defendants are not required to make Rule 26 disclosure.

Plaintiff indicates he understands, but expresses concern regarding the lack of discovery he has thus far to support his claims.

The court explains it will be addressing the topic of discovery during today's hearing and will therefore defer any discussion relative to discovery at this time.

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
September 2, 2015

Therefore, Plaintiff's "Failure to Make Disclosure Pursuant to the Federal Rules" (ECF. No. 94) is **DENIED**.

### G. "Motion to Prove Adminstration [sic] Knew the Danger and Turn a Blind Eye to It" (ECF No. 95)

Plaintiff contends the "administration" knew of the danger posed against him but took no action to protect him.

The court, again, reiterates the "administration" is not a named Defendant in this case. Furthermore, the court does not have omnipotent power to direct the warden at NNCC how to operate the institution. The court suggests that if this topic has been grieved appropriately, Plaintiff may be entitled to pursue an action against the warden.

Therefore, Plaintiff's "Motion to Prove Administration [sic] Knew the Danger and Turn a Blind Eye to It" (ECF No. 95) is **DENIED**.

### H. "2nd Motion for Injunction Hearing" (ECF No. 97) and "Injunctions & On Restraining Order Pursuant to the Rules" (ECF No. 98)

Plaintiff seeks a court order scheduling a hearing before Judge Jones to allow witnesses give testimony relative to Plaintiff's claims in this matter. Plaintiff indicates that he will subpoena the witnesses to appear for the hearing.

The court directs Plaintiff's attention to the order which granted him *in forma pauperis* status (ECF No. 46). The order states, "This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense" (ECF No. 46, pg. 1-2).

The court, as it has repeatedly done so in this case, advises Plaintiff it is his burden to present a viable motion for injunctive relief. Plaintiff has not established the four standards required to grant injunctive relief, nor is Plaintiff seeking relief relative to the named Defendants in this case. The court states it will not order generalized relief against NDOC or unnamed NDOC personnel. Furthermore, the court does not have the authority, as requested in
ECF No. 98, pg. 3, to order Plaintiff be allowed to move from one cell to another or that all meals served to Plaintiff must be sealed. No hearing would be appropriate on these issues.

Therefore, Plaintiff's "2nd Motion for Injunction Hearing" (ECF No. 97) and Plaintiff's "Injunctions & On Restraining Order Pursuant to the Rules" (ECF No. 98) are **DENIED**.

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
September 2, 2015

       **I.**       **"Default Judgment" (ECF No. 103)**

In accordance with Judge Jones' order ECF No. 46, ¶ 7, pg. 2, Defendants filed "Notice of Acceptance of Service" (ECF No. 65) on 7/17/2015 and the Defendants have filed their "Motion for Summary Judgment" (ECF No. 117).

Therefore, Plaintiff's "Default Judgment" (ECF No. 103) is **DENIED**.

       **J.**       **"Defendants' Motion to Dismiss Per FRCP 12(b)(6), and Motion for Summary Judgment Per FRCP 56" (ECF No. 107)**

The court and DAG Barraclough discuss the intentions of Defendants' dual motion entitled "Defendants' Motion to Dismiss Per FRCP 12(b)(6), and Motion for Summary Judgment Per FRCP 56" (ECF No. 107).

First, the court explains pursuant to Special Order 109, ¶ III(F)(4) "A separate document must be filed for each type of document or purpose."

The court next discusses with DAG Barraclough the substance of Defendants' motion to dismiss. The court states that the Ninth Circuit Court of Appeals definitively ruled that arguments concerning failure to exhaust must be made by submitting a summary judgment unless, from the face of the complaint, it is obvious the claims were not exhausted.[1] Therefore, the Defendants' argument that Plaintiff failed to exhaust his grievances and attached exhibits will be considered under the motion for summary judgment.

DAG Barraclough indicates she understands the court's clarification and how it intends to proceed with regard to the motion for summary judgment. Furthermore, in light of the court's statements regarding its intentions to proceed with the two arguments made under the motion for summary judgment, there are no further arguments to be considered under the motion to dismiss. Therefore, DAG Barraclough requests the Motion to Dismiss (ECF No. 107) be withdrawn from the record.

IT IS ORDERED, Defendants' Motion to Dismiss (ECF No. 107) is **WITHDRAWN**. The Defendants' Motion for Summary Judgment, which is re-filed as ECF No. 117 pursuant to Special Order 109, will proceed and be taken under review by the court once the motion is fully briefed. The court notes the Defendants attempted to re-file the exhibits that were originally attached to ECF No. 107 at ECF No. 119; however, it appears there are missing exhibits when comparing the documents

---

[1] *Albino v Baca* 747 F.3rd 1162 (2014)

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
September 2, 2015

to the original filing ECF No. 107.  Therefore, the court indicates it will consider only the exhibits that were attached to ECF No. 107 when reviewing Defendants Motion for Summary Judgment (ECF No. 117).

DAG Barraclough represents that when she and Mr. Brodsky meet for a conference, she will ensure Plaintiff has a complete set of the exhibits that are associated with Defendants' motion for summary judgment.

2:44 p.m.  Court takes a brief recess to allow DAG Barraclough attend a hearing regarding a separate matter before Magistrate Judge Valerie P. Cooke.

3:03 p.m.  Court reconvenes.

The court returns to the discussion of Defendants' motion for summary judgment.  For clarification purposes the court notes that ECF No. 108, which is a motion to seal pertaining to ECF No. 117, and will be  addressed when the court is considering the motion for summary judgment.

The court encourages DAG Barraclough to supplement the Defendants' motion to seal (ECF No. 108) to include a discussion regarding the *Kamakana v. City and County of Honolulu*.

The court establishes a new briefing schedule relative to the motion for summary judgment (ECF No. 117).   Plaintiff shall have up to and including **Friday, 10/2/2015**, to file his response to Defendants' Motion for Summary Judgment (ECF No. 117).  Thereafter, Defendants shall have up to including **Friday, 10/16/2015**.

The court advises Plaintiff that Fed. R. Civ. P. 56 provides a mechanism for a party to seek a stay of the resolution of the motion for summary judgment to allow for additional discovery to be undertaken so the party may adequately respond to a motion for summary judgment.  The court explains that should Plaintiff choose to file such a motion, he will need to identify with an affidavit what additional discovery is necessary to undertake and how that discovery will address the arguments raised in the motion for summary judgment.

### (i) Discovery Relative to Responding to Motion for Summary Judgment (ECF. 117)

The court and parties discuss what discovery is necessary for Plaintiff to adequately respond to the Defendants' Motion for Summary Judgment (ECF No. 117).

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
September 2, 2015

The following production of documents shall be made available to Plaintiff:

(1) Incident reports;

(2) Offense In Custody reports (all three forms) November 22, 2014 to the present;

(3) Discharge summary from Renown; and

(4) Medical report from 8/27/2015 from Dr. Muff.

Mr. Brodsky will have to kite the warden to review certain documents. The court requests DAG Barraclough to advise the warden at NNCC that Mr. Brodsky will be submitting a kite relatively soon and arrangements for his review are to made expeditiously.

K. **"Right to Intervene" (ECF No. 104)**

The court makes the observation this request parallels many of the motions previously addressed today (e.g., ECF Nos. 92, 94, 95, 97 & 98) regarding court intervention.

In view of the previous discussions relating to injunctive relief, Plaintiff's "Right to Intervene" (ECF No. 104) is **DENIED**.

L. **"Motion to Issue Subpoena" (ECF No. 106)**

The court expresses concern regarding Plaintiff's request to issue subpoena. Again, the court reminds Plaintiff that his IFP status does not extend to the issuance of a subpoena at government expense. Therefore, the marshal will not serve the subpoena. Additionally, the timeliness of issuing the subpoena is inappropriate because the court has not entered a scheduling order. And finally, the proposed subpoena itself is unintelligible.

Based upon those observations, Plaintiff's "Motion to Issue Subpoena" (ECF No. 106) is **DENIED**.

The court next addresses multiple notices filed by Plaintiff.

///
///
///

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
September 2, 2015

**II.     Notices**

    **A.  "Notice to the Attorney General Office of Nevada & this District Federal Court, of Asking the US Dep of Justice & US Attorney Attorney General For Review of This Case #" (ECF No. 83)**

    **B.  "Plaintiff is Compling [sic] with Federal rules of Inital [sic] Discovery" (ECF No. 93)**

    **C.  "More Acts of Retalation [sic]" (ECF No. 96)**

    **D.  "Open Admission & Free is of Try to Endger [sic] Plaintiff" (ECF No. 102)**

    The court first advises Plaintiff that, as a general rule, the court typically does not take any action regarding "notices."  If a party is seeking relief from the court, and again generally speaking, the party should style the request in the form of a motion.  The court recognizes that many of time notices filed by *pro se* litigants is a mechanism to air his or her frustrations; however, this should be limited and without expectation any relief will be afforded to the filer.

    The court advises Plaintiff that it acknowledges the content within his documents ECF Nos. 83, 93, 96 and 102.  However, no action will be taken by this court with regard to those notices.

**III.    "Interrogatories to Parties" (ECF No. 105)**

    To the extent Plaintiff's document ECF No. 105 is seeking the court to order the service of interrogatories, the request will not be entertained at this time.  Plaintiff is reminded a scheduling order has not been entered in this case, and unless the Plaintiff makes an appropriate request to conduct limited discovery in order to adequately respond to the motion for summary judgment, interrogatories are premature at this stage in the case.

    Therefore, Plaintiff's "Interrogatories to Parties" (ECF No. 105) is **DENIED**.

**IV.    Additional Orders of the Court**

    In view of Mr. Brodsky's propensity for filing documents, IT IS ORDERED (with the exception of the Defendants' anticipated reply to their motion for summary judgment), the

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
September 2, 2015

Defendants are exempt from filing any responses to Plaintiff's documents unless the court orders otherwise.

IT IS FURTHER ORDERED, DAG Barraclough shall have up to and including **Friday, September 11, 2015**, to (1) supplement the specific documents ordered today; (2) to coordinate and arrange a conference with the Plaintiff; and (3) file a notice of compliance with the court regarding ECF Nos. 81 and 84.

V.      **Objections to an Order**

The parties should be aware of the following:

1.  That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to this Order within fourteen (14) days of receipt. These objection should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2.  That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's Judgment.

There being no additional matter to address at this time, court adjourns at 3:49 p.m.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
    Katie Lynn Ogden, Deputy Clerk