## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSHUA D. BRODSKY, | ) | 3:14-cv-00641-RCJ-WGC |
| | ) | |
| Plaintiffs, | ) | **MINUTES OF THE COURT** |
| vs. | ) | |
| | ) | October 1, 2015 |
| WARDEN BACA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

    Before the court is Plaintiff's Emergency Motion for Compliance Order. (ECF No. 126.) Defendants have opposed. (ECF No. 141.)  Because of the time constraints involved relative to Plaintiff's obligation to respond to Defendants' motion for summary judgment by October 16, 2015 (ECF No. 138), the court enters this order so that Plaintiff may be expeditiously advised of this court's tentative ruling on Plaintiff's emergency motion.

    Plaintiff's motion alleges an inability to review his mental health records. (ECF No. 126.) Plaintiff states he was refused access to these documents "without a court order" as it appears to be the policy of the Nevada Department of Corrections (NDOC) not to provide inmates access to mental health records in the same fashion that an inmate plaintiff may review his medical records.[1]

    Defendants' opposition (ECF No. 141) explains that the reason Mr. Brodsky was denied access to his mental health records was pursuant to NDOC Administrative Regulation 639.03(2). This section, set forth in Exhibit A to Defendants' opposition (ECF No. 141-1), states that any mental health records which "could impact the inmate's mental well being" and any records which "may negatively impact the inmate's well being will be removed from the medical record prior to review by the inmate." (*Id*., at 3.)  Defendants do not definitively states such records have in fact been removed from Plaintiff's medical file, or of they were, who in the NDOC hierarchy made the decision to remove such records.

---

[1] Plaintiff represents that "John Kiest refused me access without a Court Order." (ECF No. 126 at 1.)

MINUTES OF THE COURT
3:14-cv-00641-RCJ-WGC
Date: October 1, 2015
Page 2

      Defendants further provide an NDOC Medical Directive, 707.01(11) attached as Exhibit B to Defendants' opposition. (ECF No. 141-2.) According to this Directive, such mental health records cannot be reviewed "unless specifically authorized by the psychiatrist attending the inmate." (ECF No. 141-2 at 4, ¶ 11.)

      Defendants argue that it is a "medical decision made by medical personnel as to whether an inmate's mental health is fragile enough to warrant the redaction or removal of their mental health records from review" However, Defendants further state that "the NDOC has determined that the default will be not to disclose unless approved by a psychiatrist." (ECF No. 141 at 2.) In other words, the unofficial NDOC policy appears to be inmates are simply denied access to their mental health records.

      Defendants continue to state that "[i]t is not for this Court or defense counsel to diagnose Plaintiff's mental health needs to determine whether or not seeing his mental health records would negatively impact his mental health." (ECF No. 141 at 2.) [2] The court does not necessarily concur with, but does not address further, Defendants' argument in this respect (i.e., whether a court's order would supersede AR 639.03(2) or M.D. 707.01(11)).  What is of concern to the court, however, is that there is no indication NDOC had "a psychiatrist attending the inmate" review the records to determine whether or not review of those records by Mr. Brodsky "may have a negative impact on the inmate's mental health." Instead, it simply appears that when an inmate requests to review such records, the "default" mode by NDOC is simply to deny the inmate's request.  No Administrative Regulation or Medical Directive is cited as authority for this "default" mode, nor do any Regulations or explain any procedure which an inmate would follow to seek review of such records.

      Thus, the court has (1) not been apprised whether Plaintiff's mental health records have been culled out from Plaintiff's medical file, or (2) whether a psychiatrist has reviewed certain records and determined Plaintiff's access to those records would be detrimental to Mr. Brodsky's mental health. Instead, NDOC has "defaulted" to the position an inmate plaintiff cannot have access to their mental health records unless approved by a psychiatrist.

      In view of this apparent contradiction, the court would be inclined to order Defendants to have the psychiatrist inspect the records–but for an argument Defendants also make that any such records would be *irrelevant*. Defendants argue that nothing in Plaintiff's mental health history would impact the alleged misconduct of the Defendants which is a case about "alleged excessive force and retaliation." (ECF No. 141 at 2, citing Complaint, ECF No. 9.) Defendants also note this *not* a case of deliberate indifference to mental health treatment and as such the documents Plaintiff seeks to review, even if they would not have an adverse impact on the Plaintiff's mental health, would be irrelevant.  The court agrees with Defendants' argument that the relevance of these records is tenuous. See, Screening Order, ECF No. 8 at 1-7.

---

     [2] Apparently correctional officer Kiest did not get the memo on this as, according to Plaintiff, Mr. Kiest told Plaintiff to get a court order. See, footnote 1.

**MINUTES OF THE COURT**
3:14-cv-00641-RCJ-WGC
Date:  October 1, 2015
Page 3

      If, however, Plaintiff can persuade the court as to the relevancy of any mental health records in a reply memorandum to Defendants' opposition, then the court may revisit the issue of whether a psychiatrist should examine Plaintiff's mental health records to ascertain whether inmate Brodsky's review of those records could have a negative impact on his mental health.[3]  Barring such a showing of relevancy, Plaintiff's motion (ECF No. 126) is **DENIED WITHOUT PREJUDICE**.

      If Plaintiff does elect to file a reply memorandum, he is reminded the deadline to do so is **October 9, 2015**, but he may wish to file his reply memorandum earlier in view of the rapidly approaching deadline for filing his response to Defendants' motion for summary judgment (October 16, 2015).

      **IT IS SO ORDERED.**

                                                     LANCE S. WILSON, CLERK

                                  By: _____/s/_____
                                                Deputy Clerk

---

[3] Plaintiff's reply memorandum, if he chooses to file one, should be limited to the question of relevancy of such records to Defendants' motion for summary judgment.  In that regard, Plaintiff should review this Court's Order (ECF No. 138).