UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSHUA D. BRODSKY, | ) | 3:14-cv-00641-RCJ-WGC |
| | ) | |
| Plaintiffs, | ) | **MINUTES OF THE COURT** |
| vs. | ) | |
| | ) | October 7, 2015 |
| WARDEN BACA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>KATIE LYNN OGDEN</u>   REPORTER:  <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S):  <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S):  <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

   Before the court is "Plaintiff's Opposition to Defense Doc. #141 In Regds to Plaintiff Doc. #126."  (ECF No. 147.)

   On October 1, 2015, the court denied "Plaintiff's Emergency Motion for Compliance Order" (ECF No. 126) without prejudice. (ECF No. 143.) The court rejected Plaintiff's request to examine his NDOC mental health records as the court could discern no relevancy between such records and the subject of Plaintiff's civil rights action and Defendants' motion for summary judgment (*id*.) However, the order provided Plaintiff an opportunity to describe the relevancy of Plaintiff's mental health records to his anticipated response to the Defendants' motion for summary judgment. (ECF No. 143 at 3.)

   Plaintiff's opposition admits no correlation of his mental health records: "The defense is correct, this has no direct result as stated in the original Complaint Doc. #9." (ECF No. 147 at 2.)

   As Plaintiff admitted there was no relevancy of his mental health records to his response to the Defendants' motion, Plaintiff's motion (ECF No. 126) is **DENIED.**

   **IT IS SO ORDERED.**

                                                                             LANCE S. WILSON, CLERK

                                                                             By:   <u>      /s/                        </u>
                                                                                          Deputy Clerk