1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9   JOSHUA D. BRODSKY,                     )          3:14-cv-00641-RCJ-WGC
                                           )
10           Plaintiff,                     )
                                           )          **ORDER**
11       vs.                                )
                                           )          **re:  ECF No. 151**
12   WARDEN BACA, et al..                   )
                                           )
13           Defendants.                    )
    _____ )

14

15          Before the court is Plaintiff's "Motion to Seal Medical Records in Plaintiff's Opposition

16   to Defense Doc. #117, Plaintiff filed on 2 Oct. 15." The Exhibits Plaintiff refers to in his motion are filed

17   as ECF No. 150.  Plaintiff's Exhibits filed under seal contain of Plaintiff's medical and dental records

18   for the period of November 24, 2014 through August 27, 2015.

19          "Historically, courts have recognized a general right to inspect and copy public records and

20   documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*,

21   447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that

22   have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-

23   indictment investigation, come within an exception to the general right of public access. *See id*.

24   Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks

25   and citation omitted).

26          A motion to seal documents that are part of the judicial record, or filed in connection with a

27   dispositive motion, as they are here, must meet the "compelling reasons" standard outlined in

28   *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported

    by specific factual findings...outweigh the general history of access and the public policies favoring

1   disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the

2   public interest in understanding the judicial process and whether disclosure of the material could result

3   in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."

4   *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and

5   citation omitted). While the decision to grant or deny a motion to seal is within the trial court's

6   discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at

7   679.

8         The court recognizes that the need to protect medical privacy has qualified as a "compelling

9   reason" for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.,*

10  2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010

11  WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D. HI. June 25,

12  2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare*

13  *Alliance Corp.*, 2009 WL 1212170, at * 1 (D. Ariz. May 4, 2009).

14        Here, Plaintiff's Exhibits (ECF No. 150) contain Plaintiff's sensitive health information, medical

15  and dental history, and treatment records. Balancing the need for the public's access to information

16  regarding Plaintiff's medical and dental history, treatment, and condition against the need to maintain

17  the confidentiality of Plaintiff's medical records weighs in favor of sealing these exhibits.  Therefore,

18  Plaintiff's motion (ECF No. 151) to file the exhibits under seal is **GRANTED**.[1]

19  **IT IS SO ORDERED.**

20  DATED:   October 7, 2015.

21                                        _____
                                          WILLIAM G. COBB
22                                        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

---

28        [1] The granting of Plaintiff's motion is not to be construed as any endorsement by the court that every one of
    Plaintiff's sealed exhibits are pertinent to his claims which survived screening.

2