UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSHUA D. BRODSKY, | ) | 3:14-cv-00641-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | November 19, 2015 |
| | ) | |
| WARDEN BACA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden        REPORTER:            FTR

COUNSEL FOR PLAINTIFF:  Joshua D. Brodsky, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:  Andrea Barraclough

**MINUTES OF PROCEEDINGS: Motions Hearing**

1:37 p.m.  Court convenes.

The court holds today's conference to address several motions submitted by the Plaintiff. The court notes many of the motions seek the court's invention on subject matters outside the scope of the one claim District Judge Jones allowed to proceed.  Therefore, the court briefly reviews the two screening orders entered by District Judge Jones (ECF Nos. 8, 23), reminding the Plaintiff that this case is proceeding on Count I only against defendants Samsel, Cruise, and Ahja.

The court next addresses the outstanding motions.

**A.**     **"Motion for Defense to Be Compliant with Local Rule 10-2[d]" (ECF No. 176)**

Plaintiff is seeking an order from the court requiring the Defendants to use the approved standard pursuant to LR 10-2(d) for identifying the docket number on documents filed in this case, for example 3:14-cv-00641-RCJ-(WGC).

Mr. Brodskly indicates the use of the parentheses around the magistrate judge's initials of the docket number helps him better discern cases he is currently litigating due to vision complications.

1

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
November 19, 2015

      The court explains that since the implementation of the electronic filing system, the use of the hyphen rather than the parentheses between the initials of the District and Magistrate Judge for docket numbers is required because the computer system itself does not recognize parentheses. The court suggests Mr. Brodsky use the hyphen rather than the parentheses; however, if it is Plaintiff's preference to use the parentheses, he may continue to do so.

      In view of the courts explanation, Plaintiff's "Motion for Defense to Be Compliant with Local Rule 10-2[d]" (ECF No. 176) is **MOOT**.

**B.**    <u>**"Emergency Preliminary Junction Motion Hearing In Person" (ECF No. 185)**</u>

      Plaintiff's motion for a hearing in person pertains to his motion for preliminary injunction (ECF No. 135). The court explains it entered its Report and Recommendation of U.S. Magistrate Judge Re: ECF Nos. 135, 158 on 10/22/2015 (ECF No. 164). Additionally, Plaintiff filed his objections to the R&R on 10/26/2015 (ECF No. 167). Therefore, Plaintiff is advised that the matter is before Judge Jones, and if Plaintiff wishes to do so, he can request a hearing on his objections before Judge Jones.

      In view of the pending report and recommendation (ECF No. 164), Plaintiff's "Emergency Preliminary Junction Motion Hearing in Person" (ECF No. 185) is **MOOT** because the court has addressed Plaintiff's preliminary injunction request (ECF No. 135).

**C.**    <u>**"Ammended [sic] to Doc # [149] & [163] Mental Health Records Under Seal Motion" (ECF No. 187)**</u>

      Plaintiff seeks to amend/correct ECF No. 149, which relates to Defendants' motion for summary judgment (ECF No. 117). Additionally, Plaintiff is seeking to amend and or correct his motion for summary judgment (ECF No. 163).

      The court notes that Plaintiff's "Notice Under Seal Submission of Confidential Exhibits in Doc [149] & [163]" (ECF No. 186) does not have any documentation attached to it. However, the court is in receipt of mental health records that have been sealed and filed as ECF No. 197.
      The court briefly discusses the relevance of the mental health records and whether Plaintiff contends the documents help substantiate his allegations of being attacked.

      DAG Barraclough states it appears the recent submission of mental health records are likely irrelevant because of the dates of the mental health records; therefore, Defendants object to the submission of the mental health records contained in ECF No. 197. However, DAG Barraclough advises the court that the Defendants have submitted to the warden's office a medical document that

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
November 19, 2015

is more relevant to Plaintiff's claim in this case and he may kite the warden to review the document.

The court explains it has some difficulty linking the relevance of the mental health records (ECF No. 197) to Plaintiff's motion for summary judgment. However, the court will allow the documents to remain part of the record. Furthermore, although Plaintiff's mental health records are not accompanied by a motion to seal, the records shall remain under seal. IT IS THEREFORE ORDERED, Plaintiff's "Ammended [sic] to Doc # [149] & [163] Mental Health Records Under Seal Motion" (ECF No. 187) is **GRANTED**.

D.	**"Response to Doc # [168] & Motion for Hearing for It's Merit" (ECF No. 177)**

The court explains to Plaintiff neither the Federal Rules of Civil Procedure nor the Local Rules provide for a surreply to be filed, which is how the court is interpreting Plaintiff's current "response" (ECF No. 177). The court advises Mr. Brodsky that the instant document will not be considered by the court.

Additionally, the court notes the Plaintiff, at page 5, requests for oral argument. The court states it will remain consistent with other rulings made in this case regarding oral arguments (e.g., ECF No. 193) and will not schedule a hearing to address the Defendants' motion for summary judgment (ECF No. 117).

E.	**"Default Ruling on Doc [149] Plaintiff Opposition to Doc [117]" (ECF No. 173) and "Motion to Strike Defense motion [168] Due to Late Filing & Hearing On This Matter" (ECF No. 180)**

The court indicates Plaintiff's motions for default ruling and motion to strike are predicated on his argument that Defendants did not timely file their reply memorandum (ECF No. 168) to the Defendants' motion for summary judgment (ECF No. 117).

DAG Barraclough addresses the court regarding the tardiness of Defendants' reply memorandum.

The court explains there is no procedure pursuant to the Federal Rules of Civil Procedure or any case authority which would allow the court to enter a default based on the untimeliness of a document. THEREFORE, IT IS ORDERED Plaintiff's "Default Ruling on Doc [149] Plaintiff Opposition to Doc [117]" (ECF No. 173) is **DENIED**.

The court agrees Defendants' reply memorandum (ECF No. 168) appears to have been untimely filed. The court suggests the better course of action for the attorney general in this

Minutes of Proceedings
3:14-cv-00641-RCJ-WGC
November 19, 2015

circumstance would have been to request for an extension of time. However, the court further explains the Ninth Circuit Court of Appeals often instructs matters be considered preferably on the merits rather than technicalities. Therefore, the court will consider Defendants' reply memorandum (ECF No. 168) for purposes of ruling on the motion for summary judgment (ECF No. 117). THEREFORE, IT IS ORDERED Plaintiff's "Motion to Strike Defense Motion [168] Due to Late Filing & a Hearing on This Matter" (ECF No. 180) is **DENIED**.

F.  **"Motion to Call Witness on Telephonic Hearing" (ECF No. 196)**

Plaintiff advises the court he wishes to withdraw his motion to call witness on telephonic hearing (ECF No. 196). IT IS ORDERED Plaintiff's motion (ECF No. 196) is **WITHDRAWN**.

Before adjourning today's conference, the court instructs the courtroom deputy to send Plaintiff hard copies of the following documents in advance of the minutes of proceedings being entered: ECF Nos. 189, 190, 193, and 194.

There being no additional matters to address at this time, court adjourns at 2:18 p.m.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk