# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSHUA D. BRODSKY, | ) | 3:14-cv-00641-RCJ-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| WARDEN BACA, et al.. | ) | **re: ECF No. 207** |
| Defendants. | ) | |

Before the court is Plaintiff's "Default on Doc. # 167 Per FRCP 55[A]." (ECF No. 207.)[1] As best as the court can decipher Plaintiff's filing, Plaintiff is contending a "default" should be entered against Defendants because they did not file a response to his objection (ECF No. 167) to this court's Report and Recommendation. (ECF No. 164.)

The Federal Rules of Civil Procedure do not require an opposing party to file a response to a party's objection to a magistrate judge's ruling on a pretrial matter [28 U.S.C. 636(b)(1)(A)] or a report and recommendation [28 U.S.C. 636(b)(1)(B)].[2] However, the Local Rules of Practice of the United States District Court for the District of Nevada state the opposing party shall file a response "opposing

---

[1] Refers to court's Electronic Case Filing number.

[2] Fed. R. Civ. P. 72(a) reads similarly with respect to objections to pretrial rulings made by a magistrate judge:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

the objections." LR IB 3-1(a) and 3-2(a).

Plaintiff is correct that Defendants did not file a response in opposition to Plaintiff's objections. The court surmises, however, Defendants did not do so because of language contained in this court's case management order of September 2, 2015, which stated:

> In view of Mr. Brodsky's propensity for filing documents, IT IS ORDERED (with the exception of the Defendants' anticipated reply to their motion for summary judgment), the <u>Defendants are exempt from filing any responses</u> to Plaintiff's documents unless the court orders otherwise.

(ECF No. 124, ¶ IV at 9-10; emphasis added.)

In retrospect, the language in the order was over broad when referring to Plaintiff's "documents." The court's order should have been limited to any motions or notices within the jurisdiction of the U. S. Magistrate Judge (or as otherwise ordered by the court).

However, even if Defendants were not dissuaded by the language of this court's case management order, the remedy for failing to file a response to Plaintiff's objections would not be a "default" under Rule 55(a). A default would only be available where a party "has failed to plead or otherwise defend." The record unequivocally establishes Defendants have responded to Plaintiff's complaint (ECF No. 9) by "otherwise defending" against Plaintiff's action (see, e.g., Defendants' Motion for Summary Judgment (ECF No. 117).

District Judge Jones, when considering Plaintiff's objection (ECF No. 167) to this court's report and recommendation (ECF No. 164), could possibly address whether the absence of a response to Plaintiff's objection is a consent to the granting of the motion (see, e.g., Local Rule 7-2(d)). That, however, is solely within the purview of District Judge Jones, as would be the resolution of the merits of the underlying report and recommendation (EFF No. 164) and Plaintiff's objections thereto (ECF No. 167).[3]

However, regardless of how Judge Jones might handle the absence of a response to Plaintiff's objection, it is clear that Plaintiff is not entitled to a default under Rule 55(a).

---

[3] That being said, this court notes that on several occasions in the past, Judge Jones has ruled on other of Plaintiff's objections to this court's orders where the Defendants had not filed responses to Plaintiff's objections. See, ECF Nos. 181, 182.

Plaintiff's request (ECF No. 207) which seeks a default pursuant to "FRCP 55[A]" is **DENIED.**

**IT IS SO ORDERED.**

DATED:   December 2, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE